UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHELLE D. H., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 2:19-CV-00176-DWC <br><br> ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he improperly evaluated the medical opinion evidence. Had the ALJ given proper weight to the opinions of Dr. Theodore Becker, Dr. Glenn Goodwin, Dr. David White, Dr. Marc Redmon, Dr. Gina Cadena-Forney, Mr. Donald Uslan, and Ms. Amy Williams, Plaintiff's residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is therefore harmful, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g)

to the Commissioner of the Social Security Administration ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On July 6, 2011, Plaintiff filed an application for DIB, alleging disability as of June 8, 2011. *See* Dkt. 6, Administrative Record ("AR") 25. The application was denied upon initial administrative review and on reconsideration. *See* AR 25. A hearing was held before ALJ Verrell Dethloff on January 23, 2013. *See* AR 25. In a decision dated March 25, 2013, Judge Dethloff determined Plaintiff to be not disabled. *See* AR 25. Plaintiff's request for review of the ALJ's decision was granted by the Appeals Council, which reversed the ALJ's decision and remanded the case for additional findings. The case was remanded to ALJ Glen G. Meyers, who conducted a second hearing. AR 25. On September 21, 2015, ALJ Meyers found Plaintiff was not disabled within the meaning of Sections 216(i) and 223(d) of the Social Security Act. AR 42. Plaintiff's request for review of the decision was granted by the Appeals Council, and pursuant to this Court's remand order, the Appeals Council vacated the final decision of the Commissioner and remanded this case back to ALJ Meyers.

On remand, Plaintiff received a second hearing, and on December 5, 2018, the ALJ again found Plaintiff not disabled. AR 1412. Plaintiff did not request review of the ALJ's decision by the Appeals Council, making the ALJ's December 5, 2018 decision the final decision of the Commissioner. *See* AR 1398. Plaintiff now appeals the ALJ's December 5, 2018 decision finding Plaintiff not disabled.[1]

---

[1] When stating "the ALJ" or "the ALJ's decision" throughout this Order, the Court is referring to ALJ Meyers and his December 5, 2018 decision.

1 | In the Opening Brief, Plaintiff maintains the ALJ erred by: (1) failing to properly evaluate
2 | the medical opinion evidence; (2) rejecting Plaintiff's subjective symptom testimony; and (3)
3 | rejecting the lay witness opinions. Dkt. 10, p. 1. Plaintiff requests remand for an award of benefits.
4 | *Id*. at 19.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I.      Whether the ALJ properly considered the medical opinion evidence.**

Plaintiff contends the ALJ erred in his evaluation of the medical opinion evidence submitted by Dr. Becker, Dr. Goodwin, Dr. Cadena-Forney, Dr. White, Dr. Redmon, Mr. Uslan, and Ms. Williams. AR 4-15.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence,

stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

Pursuant to the relevant federal regulations, medical opinions from "other medical sources," such as nurse practitioners, therapists, and chiropractors, must be considered. *See* 20 C.F.R. § 404.1513 (d); *see also Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (*citing* 20 C.F.R. § 404.1513(a), (d)); SSR 06-3p, 2006 WL 2329939. "Other medical source" testimony "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *Turner*, 613 F.3d at 1224. "Further, the reasons 'germane to each witness' must be specific." *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009); *see Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (explaining "the ALJ, not the district court, is required to provide specific reasons for rejecting lay testimony").

A. <u>Dr. Becker</u>

Dr. Becker, a Doctor of Human Performance (considered an "other" medical source), completed two performance-based physical capacity evaluations of Plaintiff: one in August 2012, and one in April 2016. AR 818-847, 2532-2603. Dr. Becker completed an oral medical report to Plaintiff's attorney in November 2012 and in April 2016. AR 951-964, 2604-2615. Dr. Becker opined that, in light of his extensive testing and observations, Plaintiff was unable to sustain full-time employment. *See* AR 957. When asked what data supports his opinion, Dr. Becker pointed to several testing results in support. AR 2610. For example, Dr. Becker noted Plaintiff's knees and lower extremities swelled after completing basic tasks. AR 2610. In general, Dr. Becker noted Plaintiff's physical capacity quickly decreased while taking the tests, which he opined was

indicative of physiological fatigue. AR 2611. Dr. Becker further opined Plaintiff is "work intolerant" because:

> There is a significant physiological dysfunction as demonstrated by the excessively elevated heart rate above resting, the extended recovery to resting and the examinee [sic] failure to maintain protocol task pace. The physiological data shows the examinee is not capable of sustained, competitive and predictable tolerance for work related tasks according to the dictionary of occupational titles.

AR 845.

Ultimately, Dr. Becker opined "[o]n a more probable than not basis, I believe that [Plaintiff] is incapable of full time sedentary work." AR 2610. After noting Dr. Becker's finding of fatigue and work intolerance, the ALJ said:

> This is not inconsistent with limiting [Plaintiff] to sedentary work, as sedentary work would accommodate her physiological fatigue and address concerns raised in Dr. Becker's medical report. The undersigned gives some weight to the findings in Dr. Becker's report and notes that the ultimate finding of disability (or one's ability to perform work) is an issue reserved for the Commissioner.

AR 1409.

In the ALJ's view, Dr. Becker's opinion constituted an ultimate finding of disability, and thus was entitled to reduced weight. AR 1409. According to the Ninth Circuit, "'physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability - the claimant's ability to perform work.'" *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick*, 157 F.3d 715 at 725). If a doctor opines a claimant is unable to work, the opinion is not considered a finding on an issue reserved to the Commissioner if it is "an assessment, based on objective medical evidence, of [the claimant's] *likelihood* of being able to sustain fulltime employment[.]" *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012) (emphasis in original). Medical opinions from "other medical sources," as with all lay witness testimony, must be considered. *See* 20 C.F.R. § 404.1513(d). When considering an "other" source, the ALJ must consider the results of

a claimant's physical capacities evaluations. *Revels v. Berryhill*, 874 F.3d 648, 665-66 (9th Cir. 2017). If the ALJ reject's these evaluations, he must provide germane reasons for doing so. *Id.*

Here, Dr. Becker conducted an evaluation of Plaintiff's biomechanics and physiology through extensive testing. *See* AR 818-847, 2532-2603. The tests assessed Plaintiff's range of motion, grip strength, general strength, clinical performance, and physiological response to work conditions. *See generally* AR 818-847, 2532-2603. Dr. Becker noted Plaintiff's knees and lower extremities swelled after completing basic tasks and fatigue in general. AR 2610-2611. Accordingly, Dr. Becker's opinion was more than just a conclusion as to Plaintiff's inability to work; it was "an assessment, based on objective medical evidence of [the claimant's] *likelihood* of being able to sustain fulltime employment." *Hill*, 698 F.3d 1153 at 1160. Dr. Becker did not state conclusively Plaintiff is disabled. Rather, he stated Plaintiff "[o]n a more probable than not basis, … is incapable of full time sedentary work." AR 2610.

Further, the ALJ did not explain how Dr. Becker's findings are "not inconsistent with limiting [Plaintiff] to sedentary work, as sedentary work would accommodate her physiological fatigue…" AR 1409. This statement is directly contrary to Dr. Becker's finding that Plaintiff is more probable than not "incapable of sedentary work." AR 2610. Without further explanation or citation to the record and without identifying valid reasons to discount Dr. Becker's opinion, the ALJ's reason is conclusory. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) (citations omitted) ("We require the ALJ to build an accurate and logical bridge from the evidence to [his] conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings.").

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the

claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Here, the ALJ erred in affording reduced weight to Dr. Becker's opinion. The RFC included Plaintiff being able to perform sedentary work. AR 1405. As Dr. Becker found Plaintiff could not perform the demands of even sedentary work, the ultimate disability decision would have changed if his opinion was given greater weight. *See Molina*, 674 F.3d at 1115-117. Therefore, the ALJ's error is not harmless and requires remand.

B. <u>Dr. Goodwin</u>

Plaintiff next contends the ALJ failed to provide specific and legitimate reasons for rejecting the October 2012 opinion of neuropsychologist Dr. Goodwin. Dkt. 10, p. 7.

Dr. Goodwin conducted a two-day neuropsychological evaluation of Plaintiff beginning on October 1, 2012. AR 848. He completed a diagnostic interview with Plaintiff before reviewing her medical records. AR 848. He then completed a series of neuropsychological tests. AR 856-864. Dr. Goodwin opined Plaintiff exhibited consistent patterns of deficit in areas of attention, concentration, processing speed, reasoning, and problem solving, all of which were related to her health issues. AR 865. Dr. Goodwin opined the tests tend to show Plaintiff has mild anxiety and severe depression. AR 865. Ultimately Dr. Goodwin opined Plaintiff is work intolerant from a neuropsychological standpoint. AR 866.

The ALJ discussed Dr. Goodwin's opinion, then stated:

> The undersigned gives some weight to Dr. Goodwin's assessment and opinion, particularly as to how her pain and fatigue affect her rather than any underlying mental health impairment. (1) However, the undersigned does not find that this testing supports an inability to perform even simple unskilled work at the sedentary level and (2) Dr. Goodwin did not offer any functional limitations or restrictions to attempt to show the claimant could perform some work. (3) Further, this opinion is now remote in time and thus offers less probative value.

AR 1408 (numbering added).

First, the ALJ discounted Dr. Goodwin's opinion by simply stating he did not find Dr. Goodwin's testing supported the position that Plaintiff was unable to perform even simple unskilled work at the sedentary level. AR 1408. The ALJ failed to explain how Dr. Goodwin's testing did not support the opinion that Plaintiff was unable to perform simple unskilled work at the sedentary level. Further, the ALJ failed to cite to any records supporting this reasoning. Merely stating an opinion, without any support or citation to the record, is conclusory by nature, and not a legitimate means of reasoning in this context. *see Embrey*, 849 F.2d 418, at 422; *Blakes*, 331 F.3d 565 at 569. Thus, the ALJ's first reason for discounting Dr. Goodwin's opinion is not specific and legitimate. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("the agency [must] set forth the reasoning behind its decisions in a way that allows for meaningful review").

Second, the ALJ discounted Dr. Goodwin's opinion because Dr. Goodwin did not offer any functional limitations or restrictions to attempt to show Plaintiff could perform some work. AR 1408. Besides also being conclusory, this reason for discounting Dr. Goodwin's opinion is inaccurate. Indeed, Dr. Goodwin provided several functional limitations and restrictions in his opinion. In finding Plaintiff exhibited consistent patterns of deficit in areas of attention, concentration, processing speed, reasoning, and problem solving, Dr. Goodwin stated that "[p]rojecting this picture into a typical work week, with consecutive workdays, strongly suggests that [Plaintiff] would not be able to maintain effective and efficient work performance on a

reasonably continuous basis." AR 866. Thus, the ALJ's second reason for discounting Dr. Goodwin's opinion is not specific and legitimate and supported by substantial evidence in the record. *See Brown-Hunter*, 806 F.3d 487 at 492.

Third, the ALJ discounted Dr. Goodwin's opinion because of its age, saying the opinion is "remote in time" and "offers less probative value." AR 1408. The ALJ's opinion deviates from the facts of this case, as Dr. Goodwin's opinion falls within the relevant period. Plaintiff alleges her disability began on June 8, 2011. AR 1400. Dr. Goodwin's report was prepared in October 2012, landing squarely within the relevant time period. Even if Dr. Goodwin's opinion were outside the relevant time period, the ALJ still should consider the relevancy of Dr. Goodwin's opinion. *See DeBoard v. Commissioner of Social Security*, 211 F. App'x 411, 414 (6th Cir. 2006) ("We do not endorse the position that all evidence or medical records predating the alleged date of the onset of disability ... are necessarily irrelevant... We recognize that evidence ... predating the onset of disability, when evaluated in combination with later evidence, may help establish disability"); *Burks—Marshall v. Shalala*, 7 F.3d 1346, 1348 n. 6 (8th Cir. 1993) ("Evidence from the record of a prior claim may be relevant to a claim of disability with a later onset date"); *see also Williams v. Astrue*, 493 Fed. Appx. 866, 868 (9th Cir. 2012) (unpublished opinion). Further, the ALJ fails to explain how the time frame of the opinion results in the opinion being of less probative value. Therefore, the ALJ's third reason for affording Dr. Goodwin's opinion reduced weight is not specific and legitimate and supported by the record. Thus, the ALJ erred, and had he properly considered Dr. Goodwin's opinion, the ultimate disability determination may have changed.

    C.  <u>Dr. Cadena-Forney</u>

Plaintiff contends the ALJ did not provide specific and legitimate reasons for affording Dr. Cadena-Forney's opinion reduced weight. Dkt. 10, p. 11. Dr. Cadena-Forney has been treating

Plaintiff since 2008. AR 1124. Dr. Cadena-Forney opined Plaintiff has fibromyalgia, chronic fatigue syndrome, anxiety, depression, an autoimmune deficiency, and a meningioma. AR 2527. Dr. Cadena-Forney has noticed swelling in Plaintiff's hands after replicating sedentary work activities, stamina issues associated with her fibromyalgia and chronic fatigue syndrome, and limitations in her ability to lift, carry, reach, sit, stand, maintain concentration, and handle stress. AR 1128-1129, 1394. Dr. Cadena-Forney also opined Plaintiff is unable to work, even if limited to a sedentary position. AR 2529-2531. Dr. Cadena-Forney stated she "truly believe[s] [Plaintiff] is disabled." AR 1129.

The ALJ afforded Dr. Cadena-Forney's opinion regarding Plaintiff's inability to work even at a sedentary position reduced weight, and referred to the same reasons he used to discount Dr. Becker's opinion in support of his conclusion. AR 1408. Dr. Cadena-Forney based her opinions of Plaintiff on objective medical evidence and offered her opinion of Plaintiff's "*likelihood* of being able to sustain fulltime employment[.]" *Hill*, 698 F.3d 1153 at 1160. Dr. Cadena-Forney did not state conclusively Plaintiff is disabled. Rather, she stated Plaintiff "[o]n a more probable than not basis, … does not have the ability to work. She is not going to be reliable even in a sedentary work environment." AR 2528. Further, (assuming the ALJ wants his same language to apply to the analysis of Dr. Cadena-Forney's opinion) the ALJ did not explain at all how Dr. Cadena-Forney's findings are "not inconsistent with limiting [Plaintiff] to sedentary work, as sedentary work would accommodate her physiological fatigue…" AR 1409. The ALJ has directly contradicted Dr. Cadena-Forney's statement that "[t]here is no way" Plaintiff could work a full-time sedentary position. AR 2531. Without further explanation or citation to the record and without identifying valid reasons to discount Dr. Cadena-Forney's opinion, the ALJ's reason is conclusory. *See Blakes*, 331 F.3d 565 at 569 (citations omitted) ("We require the ALJ to build an accurate and logical

bridge from the evidence to [his] conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings."). Thus, the ALJ erred, and had he properly considered Dr. Cadena-Forney's opinion, the ultimate disability determination may have changed.

   D. Dr. White

Plaintiff argues the ALJ did not provide specific and legitimate reasons for rejecting Dr. White's May 26, 2016 opinion. Dkt. 10, p. 10. In the opinion, Dr. White found Plaintiff showed a decrease in cognitive functioning since Dr. Goodwin's evaluation in October 2012. AR 2616. After conducting a neuropsychological evaluation of Plaintiff and reviewing Dr. Goodwin's opinion, Dr. White opined:

> I am concerned because [Plaintiff's] performance dropped on a number of the same cognitive measures that were administered by Dr. Goodwin. Also, both [Plaintiff] and her husband report that her cognitive functioning has been declining in the past few years.

AR 2616.

Dr. White also opined Plaintiff is unable to work on a predictable basis at a full-time, competitive job even if she were placed in a sedentary position. AR 2649. The ALJ discussed Dr. White's opinion and afforded it reduced weight "for the same reasons afforded to Dr. Becker and Dr. Cadena-Forney, above." AR 1409. The Court found those reasons to be invalid. *See* Section I.A and C., *supra*. Therefore, the Court finds the ALJ improperly afforded Dr. White's opinion reduced weight. Thus, the ALJ erred, and had he properly considered Dr. White's opinion, the ultimate disability determination may have changed.

   E. Dr. Redmon

Plaintiff contends the ALJ did not provide specific and legitimate reasons for rejecting Dr. Redmon's March 2012 opinion. Dkt. 10, p. 11. Dr. Redmon, a treating psychologist, opined Plaintiff suffers from fibromyalgia, PTSD, depression, anxiety, a panic disorder, and chronic pain

and fatigue. AR 807. Dr. Redmon further opined Plaintiff's "condition prevents her from performing with the consistency and reliability necessary to sustain employment in any occupational setting." AR 807.

The ALJ did not address Dr. Redmon's opinion at all. "The ALJ must consider all medical opinion evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 1996) (other citations omitted)); *see also* 20 C.F.R. § 404.1527(b) and (c). However, the ALJ "need not discuss all evidence presented." *Vincent ex rel. Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir. 1984). The ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting *Vincent*, 739 F.2d at 1395). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores*, 49 F.3d at 571. Here, Dr. Redmon offered significant, probative evidence of Plaintiff's limitations in his opinion. The ALJ failed to even mention Dr. Redmon's opinion. Accordingly, the ALJ did not meet his burden of providing specific and legitimate reasons for rejecting Dr. Redmon's opinion. Thus, the ALJ erred, and had he properly considered Dr. Redmon's opinion, the ultimate disability determination may have changed.

    F. <u>Mr. Uslan</u>

Plaintiff contends the ALJ failed to provide germane reasons for rejecting Mr. Uslan's opinion. Dkt. 10, p. 13. Mr. Uslan, a rehabilitation specialist, performed a comprehensive evaluation of Plaintiff on August 12, 2013. AR 1200. After reviewing the medical record and conducting several vocational tests, Mr. Uslan opined Plaintiff "is not able to work in the competitive labor market for gainful employment on a full-time basis, be it unskilled, semi-skilled, or skilled level, or in the sedentary, light, or medium exertional categories."

1       The ALJ did not address Mr. Uslan's opinion. "The ALJ must consider all medical opinion evidence." *Tommasetti*, 533 F.3d 1035 at 1041; *see also* 20 C.F.R. § 404.1527(b) and (c). However, the ALJ "need not discuss all evidence presented." *Vincent*, 739 F.3d 1393 at 1394-1395. The ALJ "may not reject 'significant probative evidence' without explanation." *Flores*, 49 F.3d 562 at 570-571 (*quoting Vincent*, 739 F.2d at 1395). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores*, 49 F.3d at 571. Here, Mr. Uslan offered significant, probative evidence of Plaintiff's limitations in his opinion. The ALJ failed to mention Mr. Uslan's opinion at all. Accordingly, the ALJ did not meet his burden of providing germane reasons for rejecting Mr. Uslan's opinion. Thus, the ALJ erred, and had he properly considered Mr. Uslan's opinion, the ultimate disability determination may have changed.

      G. <u>Ms. Williams</u>

      Plaintiff argues the ALJ did not provide germane reasons for rejecting the opinion of Ms. Williams. Dkt. 10, p. 14. Ms. Williams, a certified vocational rehabilitation counselor, reviewed Plaintiff's relevant medical, vocational, and other documents, conducted vocational analysis with Plaintiff, and performed research and analysis to formulate her opinion in the form of an objective vocational assessment. After reviewing Plaintiff's medical and vocational records, Ms. Williams opined Plaintiff would not be able to maintain competitive employment on either a full-time or part-time basis. AR 2669. Ms. Williams stated her opinion that even if Plaintiff managed to get a job, she would be terminated because of her inability to perform most job tasks, handle workplace stress, and meet workplace deadlines. AR 2669.

      After discussing Ms. Williams' opinions, the ALJ afforded her opinion little weight, because "(1) it is not a medical opinion (2) nor does it offer any restrictions that indicate what the claimant could perform." AR 1410 (numbering added). First, the ALJ reasoned Ms. Williams'

opinion deserved little weight because it was not a medical opinion. As stated above, medical opinions from "other medical sources," as with all lay witness testimony, must be considered. *See* 20 C.F.R. § 404.1513 (d); *see also Turner*, 613 F.3d 1217 at 1223-1224 (*citing* 20 C.F.R. § 404.1513(a), (d)); SSR 06-3p, 2006 WL 2329939. "Further, the reasons 'germane to each witness' must be specific." *Bruce*, 557 F.3d 1113 at 1115; *see Stout*, 454 F.3d at 1054 (explaining "the ALJ, … is required to provide specific reasons for rejecting lay testimony").

Here, the ALJ improperly reasoned that because Ms. Williams' opinion was not medical in nature it was entitled to little weight. As discussed above, the ALJ "may not reject 'significant probative evidence' without explanation." *Flores*, 49 F.3d 562 at 570-571 (*quoting Vincent*, 739 F.2d at 1395). Further, "other source" opinions are entitled to *some weight*, given that they may be used "to show the severity of [the claimant's] impairment(s) and how it affects [the claimant's] ability to work." 20 CFR § 404.1513(d)(1); *see* SSR 06–03p, 2006 WL 2329939, at *2. Thus, the ALJ's first reason for affording Ms. Williams' opinion little weight is not germane.

Second, the ALJ discounted Ms. Williams' opinion because she did not offer any restrictions indicating what Plaintiff could perform. AR 1410. The ALJ's conclusion is inconsistent with the record. Ms. Williams opined Plaintiff was unable to complete job tasks, handle workplace stress, and meet workplace deadlines. AR 2669. These restrictions indicate Plaintiff is unable to perform any type of work, contrary to the ALJ finding no restrictions indicating Plaintiff's limitations within Ms. Williams' opinion. Therefore, the ALJ's second reason for affording Ms. Williams' opinion little weight is not germane. Thus, the ALJ erred, and had he properly considered Ms. Williams' opinion, the ultimate disability determination may have changed.

**II.     Whether the ALJ erred in rejecting Plaintiff's subjective symptom testimony.**

Plaintiff contends the ALJ failed to give clear and convincing reasons for rejecting Plaintiff's testimony about her symptoms and limitations. Dkt. 10, p. 15. The Court concludes the ALJ committed harmful error in assessing the medical opinion evidence and must re-evaluate all the medical evidence on remand. *See* Section I, *supra.* Because Plaintiff will be able to present new evidence and new testimony on remand and because the ALJ's reconsideration of the medical opinion evidence may impact his assessment of Plaintiff's subjective testimony, the ALJ must reconsider Plaintiff's testimony on remand.

**III.     Whether the ALJ erred in rejecting the lay witness opinions.**

Plaintiff argues the ALJ failed to provide specific, germane reasons for discounting the lay witness opinions of several of Plaintiff's friends and family. Dkt. 10, p. 16. These witnesses include Jakob Harrison, Jette and Willie Holmes, Vicke Dawley, Jeanne Ferris, Donalene Spars, Ewa Buechner, and Ericka Knapp. AR 460, 449, 450, 453-459. The Court concludes the ALJ committed harmful error in assessing the medical opinion evidence. *See* Section I, *supra*. Because the ALJ's reconsideration of the medical opinion evidence may impact his assessment of the lay witness opinions, on remand, the ALJ must reconsider all of the above lay witness opinions.

**IV.     Whether this case should be remanded for an award of benefits.**

Plaintiff argues this matter should be remanded with a direction to award benefits. *See* Dkt. 10, p. 17. The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when

evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

The Court has determined, on remand, the ALJ must re-evaluate the medical evidence, Plaintiff's subjective symptom testimony, and the lay witness opinions. Therefore, there are outstanding issues which must be resolved and remand for further administrative proceedings is appropriate.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 13th day of November, 2019.

David W. Christel
United States Magistrate Judge